United States District Court
Middle District of Florida
Jacksonville Division

**DONIELLE SALLAS,**

    *Plaintiff,*

v.                                           **NO. 3:19-cv-1469-J-34PDB**

**GLOBAL MANAGEMENT ACQUISITION FIRM, INC.,**

    *Defendant.*

---

# Order

Before the Court is plaintiff Donielle Sallas's motion for default judgment against defendant Global Management Acquisition Firm, Inc. Doc. 19.

## I. Background

Sallas contends Global violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. Doc. 1.

Sallas failed to file a return of service, and Global failed to respond to the complaint. The Court directed her to show cause why the action should not be dismissed for failure to prosecute. Doc. 7. She filed an unexecuted return of service and an affidavit from her lawyer explaining an alternate method of service. Docs. 8, 9. The Court discharged the order to show cause. Doc. 10.

Sallas moved for entry of a clerk's default. Docs. 11, 11-1. The clerk entered default the next day. Doc. 12. The Court again directed Sallas to show cause why the action should not be dismissed for failure to prosecute. Doc. 17. She filed the current motion. Docs. 18, 19. The Court discharged the order to show cause. Doc. 20.

## II.     Standards

### A.     *Pleading Standard*

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard requires not detailed factual allegations but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.* To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoted authority omitted).

Plausibility differs from probability but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted).

When applying the plausibility standard, a court should undertake a "two-pronged approach." *Iqbal*, 556 U.S. at 679. First, the court should identify and disregard legal conclusions not entitled to the assumption of truth. *Id.* Second, the court should identify and assume the truth of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## B.    *Default Standard*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, … the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, a party may apply to the court for default judgment. Fed. R. Civ. P. 55(b)(2). Before entering default judgment, a court must ensure the well-pleaded factual allegations state a claim on which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.   Law & Analysis

Under the FDCPA and FCCPA, a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6).

Under the FDCPA, a debt collector may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, including by calling someone "without meaningful disclosure of the caller's identity,"[1] *id.* § 1692d(6); use false, deceptive, or misleading representations in connection with collecting a debt, *id.* § 1692e; falsely represent the character, amount, or legal status of any debt, *id.* § 1692e(2)(A);

---

[1] "Without limiting the general application" of § 1692d, this other conduct meets the statute: using or threatening to use violence or criminal acts to harm the person, the person's reputation, or the person's property; using obscene or profane language; publishing a list of consumers; advertising for sale any debt to coerce payment; or "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(1)–(5).

3

threaten "to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5); falsely represent or implicate "that the consumer committed any crime or other conduct in order to disgrace the consumer," *id.* § 1692e(7); falsely represent or use deceptive means to collect a debt or obtain information about a consumer, *id.* § 1692e(10); fail to disclose in any initial oral communication that the debt collector is attempting to collect a debt and in any subsequent communication that the communication is from a debt collector, *id.* § 1692e(11); or use "unfair or unconscionable means to collect or attempt to collect a debt," *id.* § 1692(f).

Under the FCCPA, "no person shall" "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). To be liable, a person must actually know the nonexistence of the legal right. *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012). A plaintiff "cannot merely plead that the defendant had knowledge, but instead must plead sufficient factual allegations to show how the defendant had that knowledge." *Lima v. Bank of America, N.A.*, 249 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017).

In the complaint, Sallas states as follows.

Sallas "is a consumer as that term is defined by the FDCPA and the FCCPA." Doc. 1 ¶ 8. She "allegedly owes a debt as that term is defined by the FDCPA and the FCCPA." Doc. 1 ¶ 9. Global "is a debt collector as that term is defined by the FDCPA and the FCCPA." Doc. 1 ¶ 10. "Within the last year, [Global] attempted to collect a consumer debt from [her]." Doc. 1 ¶ 11. "The alleged debt owed arises from transactions for personal, family, or household purposes." Doc. 1 ¶ 20. "In or around November 2019, [Global] began placing collection calls to [her] in an attempt to collect the alleged debt." Doc. 1 ¶ 21. Global "calls [her] on her cellular telephone at 904-309-0027 in an attempt to collect the alleged debt." Doc. 1 ¶ 22. Global "calls [her] so that it appears that [Global] is calling [her] from 904-297-0714." Doc. 1 ¶ 23. Global leaves voicemails. Doc. 1 ¶ 24.

Concerning the voicemails, Sallas states that Global "failed to disclose that the calls were coming from Global Management Acquisition Firm, Inc."; Global "failed to disclose that the communication was made in an attempt to collect a debt"; Global "gave 800-839-1639 as its callback number—which is one of [Global's] telephone numbers"; and the voicemails "contain[ed] vague innuendo regarding threats of potential legal action." Doc. 1 ¶ 25.

Sallas states Global has not sued her and has no intention of suing her. Doc. 1 ¶¶ 26, 27. She states Global's "above-referenced actions were an attempt to coerce [her] into payment of the alleged debt," Doc. 1 ¶ 28; "[t]he natural consequences of [Global's] actions was [sic] to unjustly condemn and vilify [her] for her non-payment of the alleged debt," Doc. 1 ¶ 29; "[t]he natural consequences of [Global's] statements and actions was [sic] to produce an unpleasant and/or hostile situation between [Global] and [her]," Doc. 1 ¶ 30; and "[t]he natural consequences of [Global's] actions was [sic] to cause [her] mental distress," Doc. 1 ¶ 31.

In the motion for default judgment, to support that Global violated the FDCPA and FCCPA, Sallas copies statements from the complaint and contends the allegations are admitted. Doc. 19 at 3–4. She asks for judgment against Global for $5872.10: $1000 (the statutory maximum) for violating the FDCPA; $1000 (the statutory maximum) for violating the FCCPA; and $3387.10 in attorney's fees and costs. Doc. 19 at 5.

The Court **denies** the motion for default judgment, Doc. 19, without prejudice, and **vacates** the default, Doc. 12. Undertaking the two-pronged approach, most of Sallas's statements in the complaint are legal conclusions, including, for example, that "the alleged debt owed arises from transactions for personal, family, or household purposes," see Doc. 1 ¶ 20, leaving the Court with insufficient factual

allegations to support the many asserted violations of the FDCPA and the FCCPA. Moreover, whether she has standing is unclear.[2]

If Sallas wishes to proceed with this action, she must (1) file an amended complaint by **January 4, 2021**, and (2) serve Global and file proof of service by **January 28, 2021**. The clerk may issue a new summons for Global if requested by Sallas. Failure to amend the complaint or serve process may result in dismissal for failure to prosecute or state a claim for relief.

If Global fails to timely respond to any amended complaint, Sallas must (1) move for default within twenty-eight days of the response deadline and (2) move for default judgment within thirty-five days after entry of default. *See* Local Rules 1.01(b), (c) (eff. Jan. 1, 2021) (establishing deadlines for moving for default and default judgment).

---

[2]Article III of the United States Constitution limits "federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For standing, a plaintiff must clearly allege facts demonstrating she suffered an injury in fact (an invasion of some legally protected interest that is concrete and particularized and actual or imminent) that is fairly traceable to the challenged conduct of the defendant and likely to be redressed by a favorable judicial decision. *Id.* at 1547–48. Standing is a threshold jurisdictional question that must be addressed sua sponte if not raised by the parties and before and independent of the merits of a claim. *Jones v. Comm'r Ga. Dep't of Corrs.*, 811 F.3d 1288, 1295 (11th Cir. 2016).

A debt collector failing to comply with the FDCPA is liable for "any actual damage sustained by such person as a result of such failure" and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)–(2)(A). "This formulation suggests that Congress viewed statutory damages not as an independent font of standing for plaintiffs without traditional injuries, but as an 'additional' remedy for plaintiffs suffering 'actual damage' caused by a statutory violation." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020); *see Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864 (6th Cir. 2020) (observing without deciding in a case under the FDCPA that "Buchholz's failure to allege anything other than anxiety makes us skeptical about whether he has established an injury in fact.").

Besides the merits of the claims and any attorney's fees and costs, any future motion for default judgment must brief standing of Sallas and personal jurisdiction over Global[3] and provide evidence of damages.[4]

**Ordered** in Jacksonville, Florida, on December 7, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Global Management Acquisition Firm, Inc.
758 Simon Way
Lawrenceville, GA 30045

---

[3]The court should ensure it has personal jurisdiction over the defendant. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *see also Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017) ("A court must have … power over the parties before it (personal jurisdiction) before it can resolve a case."). For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

[4]In deciding statutory damages, a court must consider the frequency and persistence of the defendant's noncompliance and the extent to which its violations were intentional. 15 U.S.C. § 1692k(b)(1). "The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).